IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>      Plaintiff,<br><br>v.<br><br>FedEx Corporate Services, Inc.,<br><br>      Defendant. | Civil Action No. 4:21-cv-00940-ALM<br><br>Jury Trial Demanded |
| R2 Solutions LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Redfin Corporation,<br><br>      Defendant. | Civil Action No. 4:21-cv-00945-ALM<br><br>Jury Trial Demanded |

**JOINT CLAIM CONSTRUCTION AND PRE-HEARING STATEMENT**

Pursuant to Patent Rule 4-3 and the Court's scheduling orders in the respective cases (ECF 37 in Case No. 4:21-cv-00940; ECF 28 in Case No. 4:21-cv-00945), Plaintiff R2 Solutions LLC ("R2" or "Plaintiff") and Defendants FedEx Corporate Services, Inc. ("FedEx") and Redfin Corporation ("Redfin") (collectively, "Defendants") submit this Joint Claim Construction and Pre-Hearing Statement with respect to U.S. Patent No. 8,190,610 ("the 0'610 patent"), U.S. Patent No. 8,341,157 ("the '157 patent"), U.S. Patent No. 7,698,329 ("the '329 patent"), U.S. Patent No. 8,209,317 ("the '317 patent"), U.S. Patent No. 8,862,610 ("the 2'610 patent"), and U.S. Patent No.

9,805,097 ("the '097 patent"). The following table identifies with an "X," which of the above patents R2 asserts against each of the Defendants:

| Case | 0'610 Patent | '157 Patent | '329 Patent | '317 Patent | 2'610 Patent | '097 Patent |
|---|---|---|---|---|---|---|
| *R2 Solutions LLC v. FedEx Corporate Services, Inc.,* 4:21-cv-00940 | X | X | X | | | |
| *R2 Solutions LLC v. Redfin Corporation*, 4:21-cv-00945 | | X | X | X | X | X |

**Patent Rule 4-3(a)(1)**

The parties have reached an agreement regarding construction of the following claim terms, phrases, and/or clauses for the patents at issue.

    A.  U.S. Pat. No. 8,190,610

| Term/Phrase | Agreed Construction |
|---|---|
| "a plurality of mapping functions that are each user-configurable" | "two or more mapping functions that are each configurable by a user" |
| "data group" | "a group of data and a mechanism for identifying data from that group"<br><br>Preamble is limiting |

    B.  U.S. Pat. No. 8,341,157

| Term/Phrase | Agreed Construction |
|---|---|
| "determining, at least the one computing device, a plurality of intents from the at least one keyword, each of the plurality of intents indicates a type of information regarding the query keyword that is likely to be desired by a user submitting the query" | "determining, using the at least one computing device, a plurality of intents from the at least one keyword, wherein each of the plurality of intents indicates a type of information regarding the query keyword that is likely to be desired by a user submitting the query" |

### C. U.S. Pat. No. 7,698,329

| Term/Phrase | Agreed Construction |
|---|---|
| "document"/"documents" | "any unit of information that may be indexed by search engine indexes" / "units of information that may be indexed by search engine indexes" |
| "recalled"/"recall" | "generated results for a search engine query" / "generating results for a search engine query" |
| "section" | "defined portion within the structure of a document" |

### D. U.S. Pat. No. 8,209,317

None.

### E. U.S. Pat. No. 8,862,610

None.

### F. U.S. Pat. No. 9,805,097

None.

**Patent Rule 4-3(a)(2)**

The parties hereby identify the following terms for construction in this case. The chart attached as Exhibit A provides Plaintiff's proposed constructions. The charts attached as Exhibits B and C provide FedEx's and Redfin's proposed constructions, respectively. Exhibits A-C contain an identification of the intrinsic and extrinsic evidence upon which each party intends to rely to support its proposed constructions for the terms listed here. Each party reserves the right to rely on any intrinsic or extrinsic evidence identified by the other party.

| Term # | Claim Term |
|---|---|
| | **0'610 Patent** |
| 1 | "the data of the first data group is mapped differently than the data of the second data group" (0'610 Patent claims 1, 17) |
| 2 | "the corresponding intermediate data being stored such that metadata associated with a manner of storage is identifiable to the data group" (0'610 Patent claims 3, 19) |
| | **'157 Patent** |
| 1 | "network" ('157 Patent claims 1, 2) |
| 2 | "intent(s)" ('157 Patent claims 1, 2, 11-12, 22) |
| 3 | "ranking" ('157 Patent claims 1, 2) |
| | **'329 Patent** |
| 1 | "ranking" ('329 Patent claims 1, 8) |
| 2 | "certain documents" ('329 Patent claims 1, 4, 5, 8, 11, 12) |
| 3 | "wherein ranking a plurality of documents includes ranking said plurality of documents based, at least in part, on the at least one section of said certain documents not used by said search engine to recall documents" ('329 Patent claims 1, 8) |
| 4 | "abstract" ('329 Patent claims 4, 11) |
| | **'317 Patent** |
| 1 | "partial query" ('317 Patent claims 1-2, 8, 11-14) |
| 2 | "not fully representative of an entire search query desired by the user" ('317 Patent claims 1, 8) |
| 3 | "better representative of the entire search query desired by the user" ('317 Patent claims 1, 8) |
| | **2'610 Patent** |
| 1 | "category of search" (2'610 Patent claims 1, 9, 16, 23) |
| 2 | "type of the host application" (2'610 Patent claims 1, 9, 16, 23) |

| | |
|---|---|
| 3 | "context information" (2'610 Patent claims 1-4, 8-12, 16-19, 23) |
| 4 | "without user intervention" (2'610 Patent claims 4, 12, 19) |
| | **'097 Patent** |
| 1 | "arranging each of the one or more content items with respect to a corresponding sub-component" ('097 Patent claims 1, 19) |
| 2 | "generating a search result based on"/"generating a second search result based on" ('097 Patent claims 1, 8, 19-20) |
| 3 | "generating a framed structure having a at least one subcomponent" ('097 Patent claims 1, 8, 19-20) |
| 4 | "determining a correspondence between the one or more content items and the at least one sub-component" ('097 Patent claims 1, 8, 19-20) |

**Patent Rule 4-3(a)(3)**

The parties respectfully request that the Court hear oral argument on claim construction. The parties request that the hearing proceed for 3 hours total, allotting 90 minutes per side for argument. The parties further agree that the 0'610, '157, and '329 patents will be argued first, and that the balance of the hearing will address the remaining '317, 2'610, and '097 patents.

**Patent Rule 4-3(a)(4)**

At this time, neither Plaintiff nor Defendants intend to call any live witnesses at the claim construction hearing (should the Court decide to hold a hearing).

**Patent Rule 4-3(a)(5)**

At present, the parties are unaware of any additional issues that would require the scheduling of a pre-hearing conference prior to a Claim Construction Hearing.

**Patent Rule 4-3(b)**

At present, the parties do not intend to proffer expert testimony at this time but reserve the right to do so to respond to any claim construction position not disclosed in this Joint Claim Construction and Pre-Hearing Statement.

**Patent Scheduling Order – Number of Pages Needed to Brief the Disputed Terms**

The parties respectfully propose to consolidate claim construction briefing for the above cases such that opening, response, and reply briefs will each address all disputed terms for the six patents asserted across the two cases. The parties agree that 75 pages is appropriate to address all disputed terms in Plaintiff's opening brief and that 75 pages is appropriate to address all disputed terms in Defendants' response brief.  The parties also agree that 30 pages is appropriate for Plaintiff's reply brief.

To avoid any doubt, while Defendants agree to consolidate claim construction briefing, each defendant is taking claim construction positions only with regard to the patents asserted against that particular defendant. Specifically, FedEx is not taking any claim construction position regarding the '317, 2'610, or '097 patents, and Redfin is not taking any claim construction position regarding the 0'610 patent.

**Dated:  September 20, 2022**                                    **Respectfully submitted,**

| | |
|---|---|
| */s/ Edward R. Nelson III* | */s/ Daniel Tucker* |
| Edward R. Nelson III | Eric H. Findlay (TX Bar No. 00789886) |
| State Bar No. 00797142 | FINDLAY CRAFT, P.C. |
| Christopher G. Granaghan | 102 North College Avenue, Suite 900 |
| State Bar No. 24078585 | Tyler, Texas 75702 |
| John P. Murphy | Tel: (903) 534-1100 |
| State Bar No. 24056024 | Fax: (903) 534-1137 |
| Carder W. Brooks | efindlay@findlaycraft.com |
| State Bar No. 24110604 | |
| | Jeffrey A. Berkowitz |
| Nelson Bumgardner Conroy PC | Daniel C. Tucker |
| 3131 West 7th Street, Suite 300 | Alexander M. Boyer |
| Fort Worth, Texas 76107 | Taylor L. Stark |

| | |
|---|---|
| 817.377.9111<br>ed@nelbum.com<br>chris@nelbum.com<br>murphy@nelbum.com<br>carder@nelbum.com<br><br>**COUNSEL FOR**<br>**PLAINTIFF R2 SOLUTIONS LLC** | Daniel M. Jordan<br>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>1875 Explorer Street, Suite 800<br>Reston, VA 20190-6023<br>Tel: (571) 203-2738<br>Fax: (202) 408-4400<br>jeffrey.berkowitz@finnegan.com<br>daniel.tucker@finnegan.com<br>alexander.boyer@finnegan.com<br>taylor.stark@finnegan.com<br>daniel.jordan@finnegan.com<br><br>**COUNSEL FOR DEFENDANT**<br>**FEDEX CORPORATE SERVICES, INC.** |
| | */s/ Ryan J. Marton*<br>Ryan J. Marton<br>ryan@martonribera.com<br>Carolyn Chang<br>carolyn@martonribera.com<br>Hector J. Ribera<br>hector@martonribera.com<br>Phillip Haack<br>phaack@martonribera.com<br>**MARTON RIBERA SCHUMANN & CHANG LLP**<br>548 Market St. Suite 36117<br>San Francisco, CA 94104<br>Telephone: (415) 360-2515<br><br>Deron R. Dacus<br>ddacus@dacusfirm.com<br>**THE DACUS FIRM, PC**<br>821 ESE Loop 323<br>Suite 430<br>Tyler, Texas 75701<br>Telephone: (903) 705-1117<br>Fax: (903) 581-2543<br><br>**COUNSEL FOR DEFENDANT**<br>**REDFIN CORPORATION** |

**CERTIFICATE OF SERVICE**

      Pursuant to Local Rule 5.1, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on September 20, 2022.

                                                */s/ Edward R. Nelson III*